LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUVENCIO VIDAL PEREZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

       Plaintiff,

       v.

SOPHIE'S CUBAN CUISINE INC.,
EVERYTHING CUBAN LLC,
MM RESTAURANT ENTERPRISES LLC,
SOPHIE'S CUBAN CUISINE FRANCHISING, INC.,
JOHN DOE CORPORATIONS 1-8,
SOFIA LUNA, MANUELA MATOS,
and PATRICIA LUNA,

       Defendants.

---

Case No :

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

   Plaintiff, JUVENCIO VIDAL PEREZ ("Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorneys, hereby file this class and collective

action Complaint against Defendants, SOPHIE'S CUBAN CUISINE INC., EVERYTHING

CUBAN LLC, MM RESTAURANT ENTERPRISES LLC, SOPHIE'S CUBAN CUISINE

FRANCHISING INC., JOHN DOE CORPORATIONS 1-8 ("Corporate Defendants"), SOFIA

1

LUNA, MANUELA MATOS, and PATRICIA LUNA ("Individual Defendants"), (the Corporate Defendants and Individual Defendants are each individually referred to as "Defendant," and collectively, "Defendants") and state as follows:

## INTRODUCTION

1.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving; (3) liquidated damages; and (5) attorney's fees and costs.

2.   Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorney's fees and costs.

3.   Plaintiff also alleges, pursuant to NYLL §191, that he and others similarly situated are entitled to recover from Defendants: (1) liquidated damages; (2) interest; and (3) attorney's fees and costs, due to Defendants' untimely payments of wages to Plaintiff and Class members.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.   Plaintiff, JUVENCIO VIDAL PEREZ, is a resident of Bronx County, New York.

7.   Upon information and belief, Defendant, SOPHIE'S CUBAN CUISINE INC. is a domestic business corporation organized under the laws of New York, with an address for

service of process at C/O Mishaan Dayon & Lieblich, 1001 Avenue of the Americas, Suite 2403, New York, NY 10018. Presumably, SOPHIE'S CUBAN CUISINE, INC, is the parent company for all of the Corporate Defendants that own and operate a food services enterprise self-titled as Sophie's Cuban. Such food services enterprise includes the eight Sophie's Cuban Restaurants with the following addresses:

     a. 401 East 68th Street, New York, NY 10065

     b. 947 8th Avenue, New York, New York 10019

     c. 21 West 45th Street, New York, New York 10036

     d. 369 Lexington Avenue, New York, New York 10017

     e. 1015 Avenue of the Americas, New York, New York 10018

     f. 593 1st Avenue, New York, New York 10016

     g. 76 Fulton St., New York, New York 10038

     h. 27 Smith St., Brooklyn, New York 11201

       (collectively, the "Restaurants").

   8. At all relevant times, Corporate Defendants own and operate the Restaurants as a single integrated enterprise under the trade name "Sophie's Cuban Cuisines" in the State of New York. All of the Corporate Defendants are associated with each other and are controlled by the same executives who are Individual Defendants:

     a. Individual Defendant SOPHIA LUNA is the owner and president of Corporate Defendants SOPHIE'S CUBAN CUISINE and SOPHIE'S CUBAN CUISINE FRANCHISING, LLC, and is the recipient for service of process for Corporate Defendant MM RESTAURANT ENTERPRISES, LLC. *See* **Exhibit A** for the Entity Information Search Result from the New York Department of State,

Division of Corporation for Corporate Defendant, MM RESTAURANT ENTERPRISES, LLC.

b.  Corporate Defendants, SOPHIE'S CUBAN CUISINES FRANCHISING and EVERYTHING CUBAN LLC, share the same office at 420 Lexington Ave., Ste 300, New York, NY 10174. *See* **Exhibit B** for the Entity Information Search Result from the New York Department of State, Division of Corporations for Corporate Defendants SOPHIE'S CUBAN CUISINES FRANCHISING and EVERYTHING CUBAN LLC.

c.  Each of the Restaurants is advertised and marketed jointly on Defendants' website located at http://www.sophiescuban.com/. *See* **Exhibit C** for the list of Restaurant branches shown on Defendants' website.

d.  All of the Restaurants are owned and operated by Defendants under the same brand name and logo. Specifically, over the past twenty-four (24) years, Sophie's Cuban Cuisine expanded to eight (8) locations, and "plan to expand [the Sophie's Cuban Cuisine] brand." *See* **Exhibit D** for the webpage on Defendants' website where a description of Individual Defendants' involvement in the Restaurants can be found. *See* **Exhibit E** for "Our Story" portion of Defendants' website.

e.  All Restaurants use a central marketing department, HR Department, and administration department.

f.  All the Restaurants share a common look and feel which purports to reflect the culture and flavor of Cuba. *See* **Exhibit E** for "Our Story" portion of Defendant's website.

g.  The menu for all Restaurants is exhibited when the website-visitor clicks on each of the Restaurant links on the website. *See* **Exhibit F** for the webpage of Defendants' website where Restaurants' menus may be accessed by clicking on the links.

h.  All of the Restaurants share a common "Contact" webpage on the website, where all Restaurants share one (1) common inquiry form, through which questions can be submitted about any of the Restaurants. *See* **Exhibit G** for the "Contact" section of Defendants' website.

i.  All the Restaurants share the same Facebook, Twitter, and Instagram, using the same brand name and logo of Sophie's Cuban Cuisine. *See* **Exhibit H** for Defendants' social media accounts which are all accessible on Defendants' website.

j.  All Restaurants have a common mailing list for updates and promotional deals. *See* **Exhibit I** for the mailing list section of Sophie's Cuban Cuisine website.

k.  Defendants' website accepts orders for all of the Restaurants. *See* **Exhibit J** for the webpage of Defendants' website where customers submit orders for all of the Restaurants.

l.  All the Restaurants accept orders through common Apple and Google mobile apps. *See* **Exhibit K** for the portion of a banner on Defendants' website showing the option titled "SOPHIE'S APP."

m.  All Restaurants share common operating hours, which are from 10:00 a.m. to 8:00 p.m., with the exclusion of the branch which is located near the financial district which have the operating hours from 10:30 a.m. to 8:00 p.m. *See* **Exhibit C** for

5

webpages on Defendants' website showing the operating hours for all Restaurants.

9.    Upon information and belief, Defendant, SOPHIE'S CUBAN CUISINE FRANCHISING, LLC d/b/a/ Sophie's Cuban Cuisine is a domestic limited liability company organized under the laws of New York, with a principal place of business at 420 Lexington Ave, Ste 300, Office 30, New York, NY 10017 and an address for service of process at Jeffrey E. Kolton, Esq., 142 West End Ave., Ste 30P, New York, NY 10023.

10.    Upon information and belief, Defendant, EVERYTHING CUBAN LLC d/b/a/ Sophie's Cuban Cuisine is a domestic limited liability company organized under the laws of New York, with a principal place of business at 420 Lexington Ave, Ste 300, New York, NY 10174.

11.    Upon information and belief, Defendant, MM RESTAURANT ENTERPRISES LLC d/b/a/ Sophie's Cuban Cuisine is a domestic limited liability company organized under the laws of New York, with a principal place of business at 369 Lexington Ave, 1st Floor, New York, NY 10017 and an address for service of process at SOFIA LUNA, 85-59 79th St., Woodhaven, New York, NY 11421.

12.    Upon information and belief, Defendant, JOHN DOE CORPORATIONS 1-8, are various business corporations organized under the laws of the State of New York doing business as "Sophie's Cuban" restaurants operated by Defendant, SOFIA LUNA, and which employs Collective Action and Class members under a common wage and hour policy. The identities of the JOHN DOE CORPORATIONS 1-8 will be determined over the course of discovery in this lawsuit, and a subsequent amended complaint will be filed to identify such entities. Upon information and belief, Defendant SOFIA LUNA, is a Co-Founder and President of all Corporate Defendants. SOFIA LUNA is also the owner of each of the Corporate Defendants. SOFIA

LUNA exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. SOFIA LUNA had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiff, FLSA Collective Plaintiffs, and Rule 23 Class members. She also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Rule 23 Class members. She routinely visited the Sophie's Cuban restaurants that she owned to regularly and directly reprimand any employees who did not perform their duties correctly. Individual Defendant SOFIA LUNA ensured that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

13. Upon information and belief, Defendant PATRICIA LUNA, is a Co-founder and Partner of Corporate Defendant(s). PATRICIA LUNA exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. PATRICIA LUNA had the power and authority to (i) fire and hire; (ii) determine rate and method of pay; (iii) determine work schedules; and (iv) otherwise affect the quality of employment; of Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. She also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Rule 23 Class members. She routinely visited the Sophie's Cuban restaurants to regularly and directly reprimand any employees who did not perform their duties correctly. Individual Defendant PATRICIA LUNA ensured that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

14.   Upon information and belief, Defendant MANUELA MATOS, is the Co-Founder of Corporate Defendant(s). MANUELA MATOS exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs, and Rule 23 Class members. MANUELA MATOS had the power and authority to (i) fire and hire; (ii) determine rate and method of pay; (iii) determine work schedules; and (iv) otherwise affect the quality of employment, of Plaintiff, FLSA Collective Plaintiffs, and Rule 23 Class members. She also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Rule 23 Class members. She routinely visited the Sophie's Cuban restaurants to regularly and directly reprimand any employees who did not perform their duties correctly. Individual Defendant MANUELA MATOS ensured that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

15.   At all relevant times, each of SOPHIE'S CUBAN CUISINE INC., EVERYTHING CUBAN LLC, MM RESTAURANT ENTERPRISES LLC, SOPHIE'S CUBAN CUISINE FRANCHISING, INC, JOHN DOE CORPORATIONS 1-8, was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

16.   At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt all current and former non-exempt employees employed by Defendants, (including delivery persons, cooks, food runners, porters,

dishwashers and delivery persons employed by Defendants on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs")).

18. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendants' policies of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt and nontipped employees of by Defendants, (including but not limited to delivery persons, cooks, porters, dishwashers and delivery persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class Period")).

21. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be

determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.  The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based is within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

23.  Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay overtime premiums for hours worked in excess of forty (40) in a workweek, due to Defendants' practice of time-shaving; (ii) failing to provide Class members with proper wage statements with every payment of wages; (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of New York Labor Law; and (iv) failing to provide proper frequency of pay under NYLL §191. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.  Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.  Whether Defendants employed Plaintiff and the Class within the meaning of New York Labor Law;

   b.  What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d.  Whether Defendants properly notified Plaintiff and Class members of hourly rate and overtime rate;

   e.  Whether Defendants provided proper wage statements informing Plaintiff and Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under New York Labor Law;

f.   Whether Defendants provided Plaintiff and Class members proper wage statements with each payment of wages, as required under New York Labor Law; and

g.   Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

h.   Whether Defendants properly compensated Plaintiff and Class members for all hours worked.

i.   Whether Defendants paid Plaintiff and Class members timely on a weekly basis as required by NYLL for manual workers.

**STATEMENT OF FACTS**

29. In or about January 2016, Plaintiff JUVENCIO VIDAL PEREZ was hired by Defendants to work as a dishwasher at the "Lenox Hill" Sophie's Cuban Cuisine location at 401 East 68th Street, New York, New York 10065.

30. Plaintiff JUVENCIO VIDAL PEREZ's employment with the Defendants was terminated in or about March of 2020.

31. Throughout his employment with Defendants, Plaintiff JUVENCIO VIDAL PEREZ was regularly scheduled to work forty (40) hours per week and had a regular work schedule of Mondays to Fridays from 7 a.m. to 4 p.m.

32. From the beginning of his employment through January 2018, Plaintiff JUVENCIO VIDAL PEREZ was paid at a base rate of $11.00 per hour. From January 2018 to January 2019, Plaintiff was paid at a base rate of $13.00 per hour. From January 2019 to March 2020, Plaintiff was paid at a base hourly rate of $15.00 per hour.

33. Throughout Plaintiff JUVENCIO VIAL PEREZ's employment with Defendants required Plaintiff to clock out thirty (30) minutes for meal breaks each shift. However, Plaintiff JUVENCIO VIDAL PEREZ and other employees were required by Defendants to continue working during their "meal breaks." Similarly, FLSA Collective Plaintiffs and Class Members were required by Defendants to work through their meal breaks and were thus subjected to similar improper meal break deductions.

34. Defendants also regularly engaged in time-shaving employees' hours by requiring Plaintiff JUVENCIO VIAL PEREZ and other employees to work before and after their scheduled shifts, but only compensating them for the scheduled hours, and not for actual hours worked. Plaintiff JUVENCIO VIAL PEREZ was expected to come to work 15 minutes before 7 a.m., which is when the official shift began, and stay 15 minutes after 4 p.m., which is when the official shift ended. Defendants informed the employees that they would not be compensated for the time they worked before and after their scheduled shifts. Likewise, FLSA Collective Plaintiffs and Class members were subjected to Defendants' routine practice of shaving time off from the hours that their employees worked, and were only paid for their scheduled shifts, not their actual hours worked.

35. Defendants regularly provided Plaintiff with "meals" which he was required to consume while working. Such meals were leftovers from the Restaurant and were unsanitary and unpalatable.

36. Even though Plaintiff JUVENCIO VIAL PEREZ worked forty-five (45) hours per week, his paystubs only reflected thirty–forty (30-40) hours per week.

37. Plaintiff, FLSA Collective Plaintiffs, and Class members were not paid at the overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek, due to time-shaving.

38. Defendants failed to properly provide Plaintiff and Class members with proper wage notices when they were hired and annually thereafter. Plaintiff did not receive any wage notice either upon being hired or annually since the date of hiring.

39. Defendants did not provide Plaintiffs and Class members with proper wage statements at all relevant times. Similarly, Class members also did not receive proper wage statements, in violation of NYLL. Plaintiff, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

40. Defendants knowingly and willfully operated their business with a policy of not properly compensating either FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs, and Class members. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under New York Labor Law.

41. Defendants failed to provide proper wage notices to employees, including rate of overtime compensation, among others, at the beginning of employment and annually thereafter, pursuant to the requirements of New York Labor Law.

42. Throughout the entirety of Plaintiff JUVENCIO VIAL PEREZ's employment, Defendants failed to provide valid weekly payments to Plaintiff and Class members pursuant to NYLL § 191(1)(a)(i), as the checks supplied by Defendants for their employees' wage compensation bounced back at least once or twice every month upon attempts to cash the checks.

43.     Whenever Plaintiff and Class members informed their supervisor(s) about the checks bouncing back, their supervisor(s) would brush their concerns off, and simply told them to wait until more funds were deposited into the company's bank account.

44.     Plaintiff and Class member are manual workers as defined under NYLL and must receive their timely wages weekly. *See* NYLL § 191(1)(a)(i).

45.     Due to these unlawful acts of Defendants, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

46.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

47.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

48.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

49.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

50.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

51.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

52.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

53.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due. Defendants knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

54.     At all relevant times, Defendants had a policy and practice of failing to pay the proper overtime premium to FLSA Collective Plaintiffs for their hours worked.

55.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

56.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

57.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

58.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

59.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of New York Labor Law, §§ 2 and 651.

60.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

61.     Furthermore, Defendants willfully violated Plaintiff and Class Members' rights by refusing to compensate them for off-the-clock hours during which they were required to work.

62.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff and Class Members, in direct violation of New York Labor Law.

63.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff and Class Members, as required by New York Labor Law § 195(3).

64.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Moreover,

with respect to <u>all</u> employees, Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL because the wage statements were missing Defendants' telephone phone numbers and because Defendants failed to disclose the proper overtime rate of pay and overtime hours worked.

65.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under New York Labor Law.

66.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime premium, compensation for unpaid off-the-clock hours worked, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**<u>VIOLATION OF THE NEW YORK CITY FAIR WORKWEEK LAW (NEW YORK LABOR LAW 191)</u>**

67.     Plaintiff repeats each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

68.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§2 and 651.

69.     At all relevant times, Defendants willfully violated Plaintiffs rights by failing to pay Plaintiffs and Class Members their wages in a timely manner as mandated by NYLL §191.

70.     Defendants provided faulty checks to Plaintiff and Class Members in lieu of a weekly payment, and therefore failed to pay Plaintiff and Class Members wages within seven (7) days of the end of the week in which that pay was earned, in violation of NYLL § 191(1)(a)(i).

71.     Plaintiffs, as a dishwasher fall under the definition of manual worker under the NYLL § 191(1)(a)(i) and must receive his wages weekly.

72.     Throughout the relevant period, Defendants improperly paid Plaintiffs and Class Members earned wages once every three weeks in violation of NYLL.

73.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff and the Class in this litigation and have agreed to pay the firm a reasonable fee for its service

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation, due to Defendants' policy of time-shaving under FLSA and NYLL;

d.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under NYLL;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

f.  An award of liquidated damages, interest, and legal fees as a result of Defendants'
willful failure to pay Plaintiff and Class members timely on a weekly basis as
required under NYLL;

g.  An award of prejudgment and post-judgment interest, costs and expenses of this
action, together with reasonable attorney's and expert fees and statutory penalties;

h.  Designation of Plaintiff JUVENCIO VIAL PEREZ as Representative of FLSA
Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiff JUVENCIO VIAL PEREZ as Representative of the Class;
and

k.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by
jury on all issues so triable as of right by jury.

Dated: February 24, 2022                      Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

By:   */s/ C.K. Lee*
          C.K. Lee, Esq.