**TARTER KRINSKY & DROGIN LLP**
Richard L. Steer
Tara Toevs Carolan
Ingrid J. Cardona
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
rsteer@tarterkrinsky.com
tcarolan@tarterkrinsky.com
icardona@tarterkrinsky.com

*Attorneys for Defendants Sophie's Cuban*
*Cuisine Inc., Everything Cuban LLC, MM*
*Restaurant Enterprises LLC, Sophie's*
*Cuban Cuisine Franchising, Inc., Sofia*
*Luna, Manuela Matos, and Patricia Luna*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUVENCIO VIDAL PEREZ, *on behalf of himself, FLSA*
*Collective Plaintiffs and the Class,*

                    Plaintiff,

          – against –

SOPHIE'S CUBAN CUISINE INC., EVERYTHING
CUBAN LLC, MM RESTAURANT ENTERPRISES LLC,
SOPHIE'S CUBAN CUISINE FRANCHISING, INC.,
JOHN DOE CORPORATIONS 1-8, SOFIA LUNA,
MANUELA MATOS, and PATRICIA LUNA,

                    Defendants.

Case No. 22-cv-1533-GHW

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

Defendants Sophie's Cuban Cuisine Inc., Everything Cuban LLC, MM Restaurant

Enterprises LLC, Sophie's Cuban Cuisine Franchising, Inc., Sofia Luna, Manuela Matos, and

Patricia Luna (collectively, "Defendants"), by their undersigned attorneys, Tarter Krinsky &

Drogin LLP, as and for their Answer to the Complaint (Doc. 1) (the "Complaint") filed by Juvencio

Vidal Perez ("Plaintiff"), state as follows:

## INTRODUCTION

1.     Admit that Plaintiff purports to allege the allegations in Paragraph "1" of the

Complaint, but deny the allegations.

2.      Admit that Plaintiff purports to allege the allegations in Paragraph "2" of the Complaint, but deny the allegations.

3.      Admit that Plaintiff purports to allege the allegations in Paragraph "3" of the Complaint, but deny the allegations.

## JURISDICTION AND VENUE

4.      Refer all questions of law in paragraph "4" of the Complaint to the Court for its determination.

5.      Refer all questions of law in Paragraph "5" of the Complaint to the Court for its determination.

## PARTIES

6.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "6" of the Complaint.

7.      Deny the allegations in Paragraph "7" of the Complaint.

8.      Deny the allegations in Paragraph "8" of the Complaint.

9.      Deny the allegations in Paragraph "9" of the Complaint.

10.     Deny the allegations in Paragraph "10" of the Complaint.

11.     Admit the allegations in Paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "12" of the Complaint.

13.     Deny the allegations in Paragraph "13" of the Complaint.

14.     Deny the allegations in Paragraph "14" of the Complaint.

15.     Deny the allegations in Paragraph "15" of the Complaint.

16.     Deny the allegations in Paragraph "16" of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Admit Plaintiff purports to bring the claims alleged in Paragraph "17" of the Complaint.

18.     Deny the allegations in Paragraph "18" of the Complaint.

19.     Deny the allegations in Paragraph "19" of the Complaint.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Admit Plaintiff purports to bring the claims alleged in Paragraph "20" of the Complaint.

21.     Deny the allegation in Paragraph "21" of the Complaint.

22.     Refer all questions of law in Paragraph "22" of the Complaint to the Court for its determination.

23.     Deny the allegations in Paragraph "23" of the Complaint and refer all questions of law to the Court for its determination.

24.     Deny the allegations in Paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "25" of the Complaint and refer all questions of law to the Court for its determination.

26.     Refer all questions of law in Paragraph "26" of the Complaint to the Court for its determination.

27.     Deny the allegations in Paragraph "27" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with regard to "other employers" and refer all questions of law to the Court for its determination.

28.     Deny the allegations in Paragraph "28" of the Complaint and refer all questions of law to the Court for its determination.

## STATEMENT OF FACTS

29.     Deny the allegations in Paragraph "29" of the Complaint.

30.     Deny the allegations in Paragraph "30" of the Complaint.

31.     Deny the allegations in Paragraph "31" of the Complaint.

32.     Deny the allegations in Paragraph "32" of the Complaint.

33.     Deny the allegations in Paragraph "33" of the Complaint.

34.     Deny the allegations in Paragraph "34" of the Complaint.

35.     Deny the allegations in Paragraph "35" of the Complaint, except admit that Plaintiff was provided with meals.

36.     Deny the allegations in Paragraph "36 of the Complaint.

37.     Deny the allegations in Paragraph "37" of the Complaint.

38.     Deny the allegations in Paragraph "38" of the Complaint.

39.     Deny the allegations in Paragraph "39" of the Complaint.

40.     Deny the allegations in Paragraph "40" of the Complaint.

41.     Deny the allegations in Paragraph "41" of the Complaint.

42.     Deny the allegations in Paragraph "42" of the Complaint.

43.     Deny the allegations in Paragraph "43" of the Complaint.

44.     Refer the Court to the law cited in Paragraph "44" of the Complaint for the language therein and refer all questions of law to the Court for its determination.

45.     Deny the allegations in Paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "46" of the Complaint.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

47.     Repeat and reallege Paragraphs "1" through "46" above as if fully set forth herein in response to Paragraph "47" of the Complaint.

48.     Refer all questions of law in Paragraph "48" of the Complaint to the Court for its determination.

49.     Deny the allegations in Paragraph "49" of the Complaint.

50.     Deny the allegations in Paragraph "50" of the Complaint.

51.     Deny the allegations in Paragraph "51" of the Complaint.

52.     Deny the allegations in Paragraph "52" of the Complaint.

53.     Deny the allegations in Paragraph "53" of the Complaint.

54.     Deny the allegations in Paragraph "54" of the Complaint.

55.     Deny the allegations in Paragraph "55" of the Complaint.

56.     Deny the allegations in Paragraph "56" of the Complaint.

57.     Deny the allegations in Paragraph "57" of the Complaint.

### COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

58.     Repeat and reallege Paragraphs "1" through "57" above as if fully set forth herein in response to Paragraph "58" of the Complaint.

59.     Deny the allegations in Paragraph "59" of the Complaint.

60.     Deny the allegations in Paragraph "60" of the Complaint.

61.     Deny the allegations in Paragraph "61" of the Complaint.

62.     Deny the allegations in Paragraph "62" of the Complaint.

63.     Deny the allegations in Paragraph "63" of the Complaint.

64.     Deny the allegations in Paragraph "64" of the Complaint.

65.     Deny the allegations in Paragraph "65" of the Complaint.

66.     Deny the allegations in Paragraph "66" of the Complaint.

## COUNT III

## VIOLATION OF THE NEW YORK CITY FAIR WORKWEEK LAW (NEW YORK LABOR LAW 191)

67.     Repeat and reallege Paragraphs "1" through "66" above as if fully set forth herein in response to Paragraph "67" of the Complaint.

68.     Deny the allegations in Paragraph "68" of the Complaint and refer all questions of law to the Court for its determination.

69.     Deny the allegations in Paragraph "69" of the Complaint.

70.     Deny the allegations in Paragraph "70" of the Complaint and refer all questions of law to the Court for its determination.

71.     Deny the allegations in Paragraph "71" of the Complaint and refer all questions of law to the Court for its determination.

72.     Deny the allegations in Paragraph "72" of the Complaint and refer all questions of law to the Court for its determination.

73.     Deny the allegations in Paragraph "73" of the Complaint and refer all questions of law to the Court for its determination.

## PRAYER FOR RELIEF

74.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "a" of the Prayer for Relief in the Complaint, but deny such relief is warranted.

75.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "b" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

76.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "c" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

77.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "d" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

78.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "e" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations or willfulness on the part of Defendants.

79.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "f" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

80.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "g" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

81.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "h" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

82.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "i" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

83.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "j" of the Prayer for Relief in the Complaint, but deny such relief is warranted and further deny all allegations of any violations on the part of Defendants.

84.     Admit that Plaintiff purports to seek the relief alleged in Paragraph "k" of the Prayer for Relief in the Complaint, but deny such relief is warranted, and further deny all allegations of any violations on the part of Defendants.

## JURY DEMAND

85.     Admit that Plaintiff purports to demand, in the unnumbered Jury Demand in the Complaint, a trial by jury.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or part, fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, due to unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent any claims may be made herein against Defendants, and without conceding the burden of proof on such issue, Defendants acted at all times in good faith and had reasonable grounds to believe that their actions did not violate the FLSA and/or the NYLL.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendants acted in good faith conformity with and in reliance on written administrative regulations, guidance, orders, rulings, approvals and/or interpretations of the United States Department of Labor and the New York State Department of Labor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has received all sums which may have been due to him under the FLSA and the NYLL.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as they have an adequate remedy at law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages or attorneys' fees and costs may be awarded.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of the Portal-to-Portal Act as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or maintain a class or collective action because it cannot be demonstrated that a class or collective action is superior to other methods available for adjudicating any purported controversy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported class or collective action claims are barred as class or collective action relief is not appropriate because Defendants did not act pursuant to a uniform policy or plan.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to be and is not an adequate representative of the putative class or collective action, and as such, the Court should not authorize notice to be issued or a class or collective action to be maintained.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported class or collective action claims are barred, as Plaintiff is not similarly situated to any putative class or collective action individuals.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Class or collective action relief is not appropriate, because individual liability and damages issues predominate over issues generally applicable to the purported class or collective.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class and collective claims are barred, in whole or in part, by settlement and release agreements.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to meet the criteria necessary to maintain a class or collective action.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for class or collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and the purported class and collective action members.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on Plaintiff's employers' lack of constructive or actual knowledge of hours worked.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA and the NYLL are barred to the extent they failed to state days and hours purportedly worked and amounts purportedly owed.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are not proper party defendants to this Action.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants were not Plaintiff's employer as defined under the FLSA and/or the NYLL.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are not joint employers.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants do not comprise a single integrated employer.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations (including no extension to the two-year statute of limitations under the FLSA because Defendants did not act willfully).

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver and estoppel.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is guilty of laches which bar certain of his claims.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery in this Action and reserve the right to amend their Answer to assert any such defenses.

**WHEREFORE**, Defendants pray as follows:

a.      That the Complaint be dismissed with prejudice and that Plaintiff and the purported class and collective take nothing thereby;

b.      That the purported class not be certified;

c.      That the purported collective not be certified (conditionally or otherwise);

d.      That judgment be entered in favor of Defendants and against Plaintiff on all claims;

e.      That Defendants be awarded their attorneys' fees and costs incurred in defense of

this Action, and;

f.      For such other and further relief as the Court deems proper.

Dated:  April 21, 2022
          New York, New York

<div style="margin-left:40%">

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*


By:___/s/ Richard L. Steer_____
          Richard L. Steer
          Tara Toevs Carolan
          Ingrid J. Cardona
          1350 Broadway, 11th Floor
          New York, New York 10018
          (212) 216-8000
          rsteer@tarterkrinsky.com
          tcarolan@tarterkrinsky.com
          icardona@tarterkrinsky.com

*Attorneys for Defendants Sophie's Cuban*
*Cuisine Inc., Everything Cuban LLC, MM*
*Restaurant Enterprises LLC, Sophie's Cuban*
*Cuisine Franchising, Inc., Sofia Luna,*
*Manuela Matos, and Patricia Luna*

</div>