# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
info@leelitigation.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/2022
```

WRITER'S DIRECT:  (212) 465-1188
cklee@leelitigation.com

**MEMORANDUM ENDORSED**          August 9, 2022

**Via ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Perez v. Sophie's Cuban Cuisine Inc. et al*
     Case No. 22-cv-01533

Dear Judge Woods:

  We are counsel to Plaintiff in the above-captioned case. Plaintiff writes jointly with Defendants, pursuant to Rule C(ii) of Your Honor's Individual Rules of Practices in Civil Cases, to respectfully request a conference with the Court to address the parties' below discovery issues.

1. **Threshold Issue** – The corporate entity who employed Plaintiff, 401 East 68th Street Holding LLC ("401 East 68th"), has not been named as a party, and the effect on Defendants' purported ability to respond to Plaintiff's Initial Discovery Requests ("Plaintiff's Discovery Requests").
2. **John Doe Defendant Identification** – Plaintiff's request for the identification of John Doe entities, listed in Plaintiff's Complaint, who did not employ Plaintiff.
3. **Interrogatory and Document Requests –** The scope and breadth of Plaintiff's Interrogatory and Document Requests.
4. **Class Discovery** – The breadth and scope of Class Discovery sought by Plaintiff.

  The parties through counsel, met and conferred by phone on August 2, 2021, for fifty-seven minutes, but were unable to resolve these disputes without judicial intervention. For the Court's review, the parties attach Plaintiff's Discovery Requests as **Exhibit A**.[1]

          1. THRESHOLD ISSUE:

*Plaintiff's Position*:

  Defendant has improperly stated that they will not comply with discovery requests until after Plaintiff has joined corporate entity 401 East 68th Street Holding LLC, the corporate entity for whom Plaintiff directly worked. Moreover, parties have engaged in multiple Rule 26 conferences, but Defendants refused to consent to the submission of a Civil Case Management Plan and Scheduling Order ("CMP") until Plaintiff amends the Complaint to include the above corporate entity. While Plaintiff is willing to amend to include this entity, who is currently listed as a John Doe in the Complaint, Plaintiff is seeking the identities of the remaining John Does prior to amending. Plaintiff believes it makes sense to Amend only once to include all entities rather than filing potentially eight (8) separate amended pleadings as these John Does are identified during discovery.

  Despite Plaintiff's willingness to Amend the Complaint to identify these entities, current Defendants' refusal to engage in discovery is entirely improper and without any legal justification.

---

[1] By Stipulation dated July 27, 2022, Defendants have until August 9, 2022, to respond to Plaintiff's Requests.

As a reminder, Plaintiff has brough a class and collective action against Defendants' chain of Restaurants located in New York City known as "Sophie's Cuban Cuisine." Despite Defendant's threshold objection, no legal justification for refusing to engage in discovery has been provided. No statement or representation has been made by Defendants that the current Corporate and Individual Defendants are incapable of producing the requested documentation.

That current corporate Defendants and Individual Defendants have access and control to the discovery sought is not in dispute. However, if disputed, Plaintiff states that in accordance with its review, all restaurants in Defendants' chain which operate in New York City and owned by the Individual Defendants use a central marketing department, central HR Department, administration department, and used the same General Manager (George J. Cestero) hired by Individual Defendants. Further, Sophia Luna, co-founder and President in prior a Class and Collective suits submitted a declaration attesting to her ability to produce documents from similarly controlled entities, which operated Sophie's Cuban restaurants.

*Defendants' Position*:

The only phone conversation held concerning Rule 26 topics was on June 27, 2022, which did not result in an agreed-upon proposed CMP, as Plaintiff had failed to, *inter alia*, address the stated threshold issue.

Defendants submit that one threshold issue, which has been raised with Plaintiff's counsel myriad times, is that Plaintiff has failed and refused to amend the Complaint to name the actual and only entity that employed Plaintiff – 401 East 68th. Although Plaintiff's counsel has had records in their possession, since February 4, 2022, identifying 401 East 68th, on February 24, 2022, Plaintiff commenced this action suing 15 defendants (seven named and 8 John Does) yet failing to name 401 East 68th. Plaintiff did not work at any other Sophie's locations, franchise or otherwise, and there are no allegations in the Complaint alleging that he did or that he had personal knowledge of the wage and hour practices of those locations.

The parties engaged in two other meet and confers on June 7 and August 2 in which the threshold issue of Plaintiff's failure to name the entity that employed him. Additionally, on June 7, Defendants again inquired whether Plaintiff's counsel would be amending the Complaint. During the August 2nd meet and confer, the most recent meeting, Counsel again discussed the threshold issue and the ongoing discovery disputes now before this Court.

Plaintiff has not requested the names of the John Does in the Discovery Requests. Moreover, Plaintiff's position that he is attempting to obviate the need to amend the Complaint eight times is disingenuous since he has known the identity of 401 East 68th since prior to the commencement of the Action.

Plaintiff has not named any individuals in their corporate capacities let alone for the entity that employed Plaintiff.

2. JOHN DOE DEFENDANT IDENTIFICATION:

*Plaintiff's Position*:

Plaintiff has sought the identification of John Doe's listed in Plaintiff's Complaint, so as to permit Plaintiff to amend the Complaint to include these entities. Defendants have this knowledge in their exclusive possession, but have improperly refused to identify them. The identification of the individual John Doe's in this matter is particularly important as Plaintiff has alleged that the Defendants in the Complaint, including the John Does, act as a single integrated enterprise, a few facts forming the basis for this claim are detailed above.

*Defendants' Position*:

The John Does are not an integrated entity with the corporation that employed Plaintiff. Plaintiff's employer 401 East 68th cannot be a John Doe because such corporate entity's existence was made known to Plaintiff's counsel since prior to the filing of the Action, and in all three meet and confers, we have raised the identity of the entity that employed Plaintiff. Thus, the John Does are not integrated with any entity for which Plaintiff has alleged any personal knowledge or by which he was employed.

3. INTERROGATORY AND DOCUMENT REQUESTS:

*Plaintiff's Position*:

Once again, Plaintiff states that Defendants supposed threshold objection to discovery is wholly improper as the remaining Defendants have the information sought in their custody or control, a fact which continues to go uncontested by Defendant.

Beyond this objection, and upon a meet and confer with Defendants Plaintiff has removed Interrogatory Nos. 2, 3, 4, 6, 12, and 17. Plaintiff contends the remaining interrogatory requests are proper, and any dispute as to their scope should be addressed after Plaintiff has received formal responses, so as to allow both Plaintiff and the Court to address the specific objections raised by Defendants.

*Defendants' Position*:

Defendants submit that the foregoing issue is compounded by Plaintiff's Requests being addressed to defendants other than 401 East 68th (who, as Plaintiff's employer, possesses Plaintiff's employment records and information) and are, nevertheless, *inter alia*, unduly burdensome, overly broad, and improper to say the least. The vast majority of Plaintiff's interrogatories violate Federal Rule of Civil Procedure 33(a) ("Federal Rule") and the Rules of the USDCTS&ED Civil Rule 33.3 ("Local Rule"). In compliance with the requirements of the Federal Rule, stating with specificity the grounds for objecting to each interrogatory is made unduly burdensome in and of itself due to the sheer breadth of the scope of the information sought and the sheer number of parties from whom the information is sought.

The Local Rule restricts interrogatories to those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of similar nature. Plaintiff's counsel violates the Local Rule by seeking, inter alia, list of names, addresses, emails and telephone numbers of all non-exempt persons employed by Defendants; identify banks where Defendants have accounts; identify any employees other than Plaintiff who either left voluntarily or was terminated; and identify and describe all documents that contain information on whether Defendants, or any of their affiliates, ever been contacted, sued, investigated, reprimanded, fined or penalized in any way by any person, corporation, or government agency with respect to the matters involving allegations of the non-payment of employee wages.

Defendants submit that Plaintiff's counsel also violates the Federal Rule by serving in excess of 25 written interrogatories, including all discrete subparts. By interrogatory number 3, Plaintiff exceeds the permitted number of interrogatories.

By email dated April 21, 2022, Plaintiff's counsel was advised that the timing of the interrogatories did not comply with Federal Rule 26(d)(1) and that the interrogatories themselves did not comply with the Local Rule and was requested to provide confirmation as to whether they would be revising them to comply with the Local Rule and resending once permitted to do so under the Federal Rule. Plaintiff's counsel did not respond to the email.

3

By three different telephonic "meet and confers" held on May 26, 2022, June 27, 2022, and August 2, 2022, Plaintiff's counsel was repeatedly advised of the deficient interrogatories.

According to three attorneys for Defendants who were present at the June 27, 2022, meet and confer, Plaintiff's counsel confirmed that they would amend the Complaint to include the correct employer entity within 24-48 hours as well as Plaintiff's Requests. To date, Plaintiff's counsel has, however, refused to do so and instead, a month later, attempts to impose a condition to amending the Complaint in exchange for Defendants producing the names of the eight John Doe Corporations (which Plaintiff's counsel submits are the eight store locations listed on the Sophie's Cuban Cuisine website) despite that request not being contained in Plaintiff's Requests.

As a result of the August 2 meet and confer, Plaintiff's counsel agreed to remove Interrogatory Nos. 2, 3, 4, 12, and 17. Even with the removal of those interrogatories, the threshold issued of the wrong entities being named remains in addition to the rest of the interrogatories still failing to comply with the Federal Rule and the Local Rule.

Plaintiff's Document Requests are likewise impermissibly overbroad and burdensome, and nothing more than an expensive fishing expedition.

For example, Request No. 1. of Plaintiff's Document Requests seeks "All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, video footage or any other written or electronically stored material[2] referencing Plaintiff and all non-exempt persons (including but not limited to delivery persons, cooks, food runners, porters, dishwashers and delivery persons), employed by Defendants ("Covered Employees"), their wage, salary, spread of hours pay, rates, and method of pay, hours worked, deductions from wages, allowances claimed, job duties, general work policies they were to follow, arrival/departure from work, breaks taken, or any matters concerning their employment with Defendants."

Defendants submit that this Request is objectionable for the following reasons:

1. It fails to comply with the Local Rule.
2. It is unduly burdensome by the sheer breadth of the records sought.
3. It is overly broad as it seeks information from four different entities which never employed Plaintiff, for entities and individuals for whom Plaintiff did not work, for all non-exempt persons (including but not limited to delivery persons, cooks, food runners, porters, dishwashers and delivery persons), employed by Defendants, despite the fact that the individuals who did not work with Plaintiff, did not work for the entity that employed Plaintiff, and who were employed in positions in which Plaintiff was not.
4. It seeks the disclosure of private and confidential information relating to all non-exempt persons (including but not limited to delivery persons, cooks, food runners, porters, dishwashers and delivery persons), employed by Defendants.
5. It is overly broad as it does not identify the time period for which they seek documents.

### 4.   CLASS DISCOVERY:

*Plaintiff's Position*:

During parties' meet and confer, Defendants made explicitly clear, that they will not be providing class documents until either collective or class certification. Such objection is improper. This objection is particularly improper in this action where Defendants have been subject to collective certification in the past.

---

[2] For purposes of this document request, electronic materials include all data in personal computers and mobile device used by managers or supervisors of Plaintiffs in the workplace or at home.

Moreover, no argument as to overbreadth or burden may be made, as (i) Plaintiff offered to work out a sampling, which was rejected, and (ii) the documents requested by Plaintiff are of the type, which are almost certainly computerized and easily accessible.

It is well-established that in wage and hour cases, pre-class certification discovery of putative class member is permissible and necessary to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria.

In *Lobato v. Great Kills Marina Cafe Inc. et al.*, No. 18 Civ. 5579, Dkt. No. 27 (E.D.N.Y. July 16, 2019), Hon. Sanket J. Bulsara, U.S.M.J. stated in the face of the same objection Defendants here bring:

> "[T]here are assertions in those papers that border on legally frivolous … There are arguments that are frankly flatly inconsistent with the Federal Rules of Civil Procedure and, frankly, make little sense to me. I'll give you an example: The letter says, for instance, that the plaintiffs are not entitled to any class discovery unless a motion for class certification is filed. That's simply not the law. It's a gross mischaracterization of the law. It's also a gross mischaracterization of what discovery means. … those are highly problematic assertions that are not supportable by any reasonable interpretation of the case law."

Plaintiff's Document Requests are clearly relevant, and Plaintiff is entitled to responses to requests seeking "sufficient information to determine whether certification is appropriate." *See Santiago v. Rivka, Inc.*, No. 15 Civ. 9184, Dkt No. 51 (S.D.N.Y. May 26, 2016) (granting plaintiff's request to compel discovery because "[d]efendants' position – refusing to produce discovery about putative collective action members, then opposing certification because [p]laintiff lacks that discovery – *manufactures a Catch-22*.") (emphasis added).

Moreover, it is well-established that pre-certification discovery of covered employees contact information is permissible in class and collective actions. *See Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 52821 (S.D.N.Y. 2011) ("Indeed, a number of courts, in this district and elsewhere, have concluded that pre-certification disclosure of the names and addresses of putative class members in wage and hour cases is appropriate.") (collecting cases); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982); *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 41 (2d Cir. 2006).

For the reasons stated herein, the Court should compel the above-referenced discovery.

***Defendants' Position***:

Plaintiff misstates Defendants' position. Defendants have not contended that class discovery is unavailable prior to the filing of a class certification motion. Rather, the burdensome "class" discovery that Plaintiff seeks is unrelated to the corporate Defendant that employed Plaintiff and instead includes four named corporate defendants and eight alleged John Does for which Plaintiff never worked and for which Plaintiff has not alleged any personal knowledge and violates the Federal Rule and Local Rule. As discussed above, Plaintiff's Discovery Requests are impermissibly overbroad and burdensome, and nothing more than an expensive fishing expedition.

In relation to the above disputes, Plaintiff is requesting an Order compelling production and responses. Defendants request a protective order staying Defendants' time to respond to Plaintiff's discovery responses and notices of depositions until 60 days after Plaintiff amends the Complaint to add 401 East 68th and amends Plaintiff's Requests to comply with both the Federal Rule and Local Rule (whichever date is later).

In view of the foregoing, the parties require Court intervention and respectfully request an Order resolving parties' disputes, or a conference to discuss the same.

We appreciate Your Honor's consideration.

Respectfully submitted,

| **LEE LITIGATION GROUP, PLLC** | **TARTER KRINSKY & DROGIN LLP** |
|---|---|
| By: */s/ C.K. Lee* <br> C.K. Lee <br> 148 West 24th Street, Eighth Floor <br> New York, NY 10011 <br> (212) 465-1180 <br> cklee@leelitigation.com <br><br> *Attorneys for Plaintiff* | By: */s/ Richard L. Steer* <br> Richard L. Steer <br> Tara Toevs Carolan <br> Ingrid J. Cardona <br> 1350 Broadway, 11th Floor <br> New York, NY 10018 <br> (212) 216-8000 <br> rsteer@tarterkrinsky.com <br> tcarolan@tarterkrinsky.com <br> icardona@tarterkrinsky.com <br><br> *Attorneys for Defendants Sophie's Cuban Cuisine Inc., Everything Cuban LLC, MM Restaurant Enterprises LLC, Sophie's Cuban Cuisine Franchising, Inc., Sofia Luna, Manuela Matos, and Patricia Luna* |

Application granted.  The Court will hold a status conference with respect to this matter by telephone on August 12, 2022 at 1:00 p.m.  The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions.  The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 30.

SO ORDERED.

Dated: August 10, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge