**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUVENCIO VIDAL PEREZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

v.

401 EAST 68TH STREET HOLDING LLC, d/b/a SOPHIE'S CUBAN, MM RESTAURANT ENTERPRISES LLC, d/b/a SOPHIE'S CUBAN, SOPHIE'S CUBAN CUISINE INC., d/b/a SOPHIE'S CUBAN, JOHN DOE CORPORATIONS 1-8, d/b/a SOPHIE'S CUBAN, SOFIA LUNA, MANUELA MATOS, and PATRICIA LUNA,

Defendants.

Case No.: 1:22-cv-1533 (GHW)

**STIPULATED PROTECTIVE ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms

of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so

designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a) the parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    (g)    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

    (h)    the Court and its staff; and

    (i)    any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6.    Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

7.    Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement

cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

8. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

11. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

**Termination of the Litigation**

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

For Plaintiff(s):

Signed: [signature]
Name: Robert A. Kansao
Dated: 11-9-22

For Defendant(s):

Signed: Jaspan Kinealy & Dragin LLP
Name: By: Richard L. Steer
Dated: 11-14-22

**SO ORDERED.**

Dated: November 15, 2022

[signature]
**BARBARA MOSES**
**United States Magistrate Judge**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUVENCIO VIDAL PEREZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiff,

v.

401 EAST 68TH STREET HOLDING LLC, d/b/a SOPHIE'S CUBAN, MM RESTAURANT ENTERPRISES LLC, d/b/a SOPHIE'S CUBAN, SOPHIE'S CUBAN CUISINE INC., d/b/a SOPHIE'S CUBAN, JOHN DOE CORPORATIONS 1-8, d/b/a SOPHIE'S CUBAN, SOFIA LUNA, MANUELA MATOS, and PATRICIA LUNA,

Defendants.

Case No.: 1:22-cv-1533 (GHW)

**NON-DISCLOSURE AGREEMENT**

I, ____________________________ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________

_________________________________
[Signature]